IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOYTRACKERZ LLC,

      Plaintiff,

v.                  No. 06-2042-CM-DJW

AMERICAN PLASTIC EQUIPMENT, INC.,

      Defendant.

**MEMORANDUM AND ORDER**

  This matter comes before the Court on Plaintiff's Motion for Remand (doc. 5). For the reasons set forth below, Plaintiff's Motion for Remand is granted.

**Background**

  Plaintiff asserts it is a designer, manufacturer, and packager of collectible action figures and accessories offered under the following trademarks and/or trade names: Fort Apache Fighters; Johnny West Adventures; Marx Bros.; Marxman; Marxman Bros.; and Circle X Ranch.

  Relying solely on Kansas trademark statutes and Kansas common law theories of trademark abandonment, Plaintiff filed a Petition against Defendant in the District Court of Bourbon County, Kansas on January 6, 2006. More specifically, Plaintiff's Petition seeks a declaratory judgment that Plaintiff is not infringing upon Defendant's trademarks.

  On February 8, 2006, Defendant removed the state court declaratory judgment action to this Court and, in its subsequent Answer, filed a counterclaim against Defendant and individuals Noah and Terri Coop for federal copyright infringement, federal trademark infringement, federal trademark dilution, federal trade dress infringement, cybersquatting and unfair competition.

On March 9, 2006, Plaintiff/Counterclaim Defendants filed a Motion to Remand, arguing this Court lacks subject matter jurisdiction over the existing claims. Defendant/Counterclaim Plaintiff disagrees, arguing that removal was proper and that this Court has subject matter jurisdiction pursuant to both 28 U.S.C. §§ 1331 and 1332.

## Discussion

This is a court of limited jurisdiction and must refrain from exercising jurisdiction unless certain that such jurisdiction has been granted by Congress.[1] The removing defendant carries the burden of demonstrating that removal was proper and that the federal court has original jurisdiction.[2] Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed.[3] It is well-settled that the presumption is "against removal jurisdiction."[4] Doubtful cases must be resolved in favor of remand.[5]

1.     **Federal Question Jurisdiction**

Defendant contends that removal is proper because Plaintiff's right to relief on its state law claims depends upon the construction of applicable federal trademark law. More specifically, Defendant argues that to obtain relief, Plaintiff must avoid Defendant's federal trademark registration. The Court disagrees.

---

[1] See *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000) ("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate.").

[2] *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

[3] *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09 (1941).

[4] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (citation omitted).

[5] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[6] "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[7]

"Several principles have developed that guide federal courts in determining whether they have jurisdiction over a state-law claim. First, the well-pleaded complaint rule requires that 'the federal question giving rise to jurisdiction must appear on the face of the complaint.'"[8] Signficantly, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."[9] These rules "make the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[10]

---

[6] 28 U.S.C. § 1331.

[7] *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (citing *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir.1994) (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983))).

[8] *Id.* (citing *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003)) (recognizing that complete preemption is the one exception to the well-pleaded complaint rule). Notably, the complete preemption exception is not implicated in this case.

[9] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 2367 (2005).

[10] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"The well-pleaded complaint rule also means that federal-question jurisdiction may not be predicated on a defense that raises federal issues."[11] Therefore, a "plaintiff's anticipation of a defense based on federal law is not enough to make the case 'arise under' federal law; nor is a defendant's assertion of a defense based on federal law a proper basis for removal."[12]

With this framework in mind, the Court turns to the facts of this case. The issue presented here is whether the well-pleaded complaint raises a disputed issue of federal law, the resolution of which is necessary to grant the relief Plaintiff seeks. As a preliminary matter, Plaintiff's petition, filed in state court, reflects that the action is brought pursuant to the Kansas Declaratory Judgment Act and is based entirely on the Revised Kansas Trademark Act[13] and Kansas common law. Plaintiff's state-law petition does not specifically cite any federal statutes, rules, regulations, or cases, and does not seek any of the broad remedies available under the Lanham Act.

True, as Defendant asserts, Plaintiff includes the following statement within its petition: "[o]f the alleged trademarks listed in [the petition], only 'Marx' is a federally registered trademark as shown in the United States Patent and Trademark Office website."[14] Defendant's reliance on this statement as a basis for federal jurisdiction, however, is misplaced. The mere fact that Plaintiff's petition refers to a federally protected trademark does not dictate that removal is proper. Plaintiff's statement is a simple recitation of an apparent fact. It is not presented as a question of law, nor does it require application or interpretation of federal trademark law. The statement that the one mark,

---

[11]*Nicodemus*, 440 F.3d at 1233 (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

[12]*Id.* (citing *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996)).

[13]K.S.A. 81-202 *et seq.*

[14]Notice of Removal (doc. 1) at Ex. 1, ¶14.

4

out of many at issue in the petition, is apparently federally registered, is not an element of Plaintiff's state law claims and is not relevant or salient to Plaintiff's choice to frame its cause of action as a question of state law.

Finally, the Court notes that Defendant's counterclaims assert various causes of action under federal law.  It is well-established, however, that removal cannot be predicated on allegations contained in a defendant's proposed counterclaims.[15] In fact, cases originally brought in state court may not be removed to federal court even if a federal defense is anticipated in the plaintiff's complaint, and "even if both parties concede that the federal defense is the only question truly at issue."[16]

For the reasons stated above, the Court finds that the nature of Plaintiff's claim is not on its face one of federal law, nor is it one that necessarily depends on resolution of a substantial question of federal law.  Accordingly, this Court lacks federal question jurisdiction over Plaintiff's petition.

### 2. Diversity Jurisdiction

In the original petition, Plaintiff seeks no monetary compensation beyond the standard request for court costs and attorney fees. The sole relief sought is declaratory and injunctive in nature. When a specific dollar amount is not set forth in the petition, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the Notice of Removal. The burden is on the party requesting removal to set forth,

---

[15]*Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978), *cert. denied*, 441 U.S. 952 (1979) (in determining whether a "federal question" exists to justify removal jurisdiction, a court must look solely at the plaintiff's complaint rather than to any subsequent pleading or the notice for removal).

[16]*Caterpillar Inc.*, 482 U.S. at 393.

in the Notice of Removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds [$75,000]."[17]

Defendant asserts in its Notice of Removal that "the value of the relief in question exceeds $75,000 in that, upon information and belief, plaintiff has been infringing upon defendant's federally registered and related marks for years and, by virtue of the filing of this lawsuit, intends to continue to do so well into the future."[18] Defendant, however, provides no underlying facts to support its conclusory assertion that the amount in controversy exceeds $75,000.

In light of these circumstances, the Court recently ordered the parties to submit additional briefing with regard to the amount in controversy as it applies to the issue of federal jurisdiction.[19] In its supplemental brief on this issue, Defendant "candidly concedes that it is unclear whether the amount in controversy exceeds $75,000.00." Defendant goes on to state that "[b]ecause of the presumption against federal jurisdiction, the Defendant admits that all of the elements of federal jurisdiction must be clear from the four corners of the state-court petition—and they are not. Candidly, [Defendant] admits that federal jurisdiction founded upon the diversity of citizenship is likely absent."[20]

For these reasons, the Court finds insufficient facts to support an amount in controversy that exceeds $75,000. Accordingly, this Court lacks diversity jurisdiction over Plaintiff's petition.

---

[17] *Laughlin v. K-Mart*, 50 F.3d at 873.

[18] Defendant's Notice of Removal (doc. 1) at p.2.

[19] Doc. 45.

[20] Defendant's Supplemental Brief in Support of Federal Jurisdiction (doc. 47) at p.2.

Because, as described above, this Court lacks federal question or diversity jurisdiction over the existing claims in this matter,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Remand (doc. 5) is granted and this case shall be remanded to the District Court of Bourbon County, Kansas. The clerk shall mail a certified copy of this order of remand to the clerk of the state court.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 30th day of August, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties