IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOYTRACKERZ, LLC,

      Plaintiff,

v.                                                                                                  Case No.  06-2042-DJW

AMERICAN PLASTIC EQUIPMENT, INC.,

      Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Citation of Contempt (doc. 52).  In support of this request, Plaintiff states Defendant has failed to pay the $2,000.00 in attorneys' fees and costs awarded to Plaintiff by the Court as sanctions as a result of improper removal of this case.  The deadline for such payment was October 30, 2007.[1]  In response to Plaintiff's Motion for Citation of Contempt,  Defendant concedes it has not paid the $2,000.00 but notes that its inability to pay is the sole reason for such non-payment.  For the reasons stated below, Plaintiff's Motion will be denied.

### Discussion

As a preliminary matter, the parties have failed to state whether Plaintiff seeks an order of civil or criminal contempt. The primary purpose of a civil contempt citation is to compensate for losses sustained by one party due to another party's disobedience of a court order and to compel future compliance with court orders.[2]  In contrast, the primary purpose of a criminal contempt is to punish the defiance of a court's authority through a fine or imprisonment.[3]  It appears from the

---

[1] *See* October 5, 2007 Memorandum and Order awarding attorneys' fees and costs (doc. 51).

[2] *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).

[3] *Ager v. Jane C. Stormont Hospital & Training School for Nurses*, 622 F.2d 496, 499-500 (10th Cir.1980).

pleadings submitted here that Plaintiff is seeking to impose sanctions upon Defendant for coercive reasons; in other words, to compel compliance with the Court's order regarding payment of fees and costs. Thus, the Court will conduct its legal analysis in the context of a request for civil contempt.[4]

Civil contempt is used "to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance" with a court order.[5] A party seeking a contempt order to compensate it for such damages bears the burden to establish, by clear and convincing evidence, that "a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order."[6] Even if the movant meets its burden of proof, the type, character and extent of damages available is within the trial court's discretion.[7]

Here, Defendant does not dispute that it violated that provision of the Court's order requiring payment of fees and costs by October 30, 2006. Defendant maintains, however, that its inability to pay is the sole reason for its failure to deliver a timely payment. In light of these circumstances, Defendant proposes that the Motion for Citation of Contempt be denied, but that the Judgment of this Court remanding the matter back to the state court[8] – which presently includes only the equitable relief of Remand – be amended to include a money judgment that would be collectible by levy, execution, or garnishment.

---

[4] *See Law v. National Collegiate Athletic Ass'n*, 134 F.3d 1438, 1443 (10th Cir. 1998) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).

[5] *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992).

[6] *Reliance Insurance Co. v. Mast Construction Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

[7] *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d at 1209.

[8] Judgment Regarding Memorandum and Order (doc. 49).

As noted above, civil contempt is used "to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance" with a court order.[9] Here, however, Plaintiff is requesting a citation of contempt in order to coerce Defendant to pay fees and costs *already* imposed; not for damages to compensate it for injuries resulting from Defendant's failure to pay the fees and costs. In other words, Plaintiff has failed to show by clear and convincing evidence that Defendant's failure to pay the fees and costs caused *further* damage to Plaintiff. Simply put, Plaintiff has failed to bear its burden of proof with regard to damages.

Even if Plaintiff had successfully established a claim for damages, the Court is not persuaded that citing Defendant for civil contempt would not accomplish the remedial purpose of a civil contempt charge – motivating and/or compelling Defendant to comply with the Court's order regarding payment of fees and costs. The Court is persuaded, however, that amending the Judgment previously entered in this matter to include a money judgment for payment by Defendant of fees and costs assessed against it is appropriate here.

Based on the discussion above, it is hereby ordered that Plaintiff's Motion for Citation of Contempt (doc. 52) is denied. It is further ordered that an Amended Judgment remanding the matter back to the State Court (doc. 49) – which presently includes only the equitable relief of Remand -- will be entered to include a money judgment for payment by Defendant of fees and costs assessed against it.[10] The Court notes that amending the judgment for the sole reason of including fees and

---

[9]*O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d at 1211.

[10]*See Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 244 F.Supp.2d 1250, 1280 (D. Kan. 2003) (directing the clerk of the court to amend the judgment to reflect the court's award of $842,892.85 in attorneys' fees, costs and expenses).

costs does not extend the time for a party to file a motion to alter judgment, a motion to amend judgment or an appeal.[11]

    IT IS SO ORDERED.

    Dated in Kansas City, Kansas on this 29th day of March, 2007.

                                                       s/ David J. Waxse
                                                     David J. Waxse
                                                     United States Magistrate Judge

cc:    All counsel and *pro se* parties

---

[11] *Collard v. U.S.,* 10 F.3d 718, 719 (10 th Cir. 1993).